1  Gregory G. Petersen        | SBN 77744
2  Greg@GGPetersenLaw.com
   Richard L. Hutchinson       | SBN 92727
3  Hutchinson_Richard@Hotmail.com
4  **GREGORY G. PETERSEN, ALC**
   4425 Jamboree Road, Suite 175
5  Newport Beach, CA 92660
6  Telephone: (949) 864-2200
7  Facsimile:  (949) 640-8983

8  *Attorneys for Plaintiffs*

9
                    **UNITED STATES DISTRICT COURT**
10                  **CENTRAL DISTRICT OF CALIFORNIA**
11
                                    2:14CV05676·DMG (JCx)
12 CAROLYN COWARD, JENNIE        CASE NUMBER: _____
   WONG, BENJAMIN AGUILERA,
13 JORGE ALFARO, ALEXANDER       **COMPLAINT FOR VIOLATIONS**
   ALVAREZ, JAIME ANCHONDO,      **OF THE FAIR LABOR STANDARDS**
14 MANUEL ANDUJO, RAMON          **ACT (FLSA), 29 U.S.C. 201 et seq.**
   ARGUELLES, ERNEST AVILA,
15 CARLOS AYALA, KARLA
16 BARRRAZA, DONALD BENDER,      **JURY DEMAND**
   ANGEL BONILLA, ROBASERT
17 BROGELMAN, THOM BURRIS,
18 MATTHEW CALLEROS,
   GUSTAVO CAMACHO, DAVID
19 CARBAJAL, EDWARD CASTRO,
20 RUDY CHAVEZ, JUAN
   CONTRERAS, JOHN CORDOVA,
21 VICTOR CORRAL, VINCENT
22 CORREA, DOMINIC COUNTS,
   OMAR DAVIS,  MARK DIMITT,
23 FRANK DOMINGUEZ III, SHAWN
24 DUKE, NELSON ENAMORADO,
   JAMES FERRELL, JANETTE
25 FLORES, SALVADOR  FLORES,
26 WERNER FLORES, MARIO
   GAMEZ, LEONARD GARZA,
27 OSCAR GARZA, PAVEL GOMEZ,
28



COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. 201 ET SEQ.
JURY DEMAND
- 1

1   ANNISSA HARSMA, RAFAEL
2   HERNANDEZ, HECTOR IBARRA,
    PETER JACK, ANDREW LASSAK,
3   SALVADOR LIZARRAGA,
4   DAVID LOERA, FRANK LOPEZ, II,
    LOUIS LOZANO, RAYMOND
5   MADRID, DAVID MANRIQUEZ,
6   LAWRENCE MARTINEZ,
    PATRICK MARMOLEJO,
7   ACKLEY MAYER-TUCKER,
8   RAMON MEJIA, PAUL
9   MENCHACA, VICTOR MENCIAS,
    RALPH MENDOZA, MATTHEW
10  MENESES, WILLIAM MONAHAN,
11  MARIO MORALES, STEVE
    MORALES, PAUL MOSLEY,
12  JEFFRI NORAT, SCARLETT
13  NUNO, EUGENE OLEA,
14  LARRY OLIANDE, CARLOS
    OLMOS, JASON PEDRO,
15  JOEL PEREZ, HYONG PERKINS,
16  MARTHA PLATA, JOHN PORRAS,
    JOE QUEZADA, ALONSO
17  RAMIREZ, ANTHONY RAZO,
18  ROY REZA, JR. , RUDOLPH
19  RIVERA, JR.,  CHRISTOPHER
    RODRIGUEZ, JR., RONNIE
20  ROMERO, JOSE ROMO,
21  GUADALUPE RUIZ, SERGIO
    SALAS, JOSE SALAZAR,
22  ROBERT SCUTARU, MANUEL
23  SEGURA, EDWARD SILVA,
    JUAN SILVA, DAVID SOLIS,
24  MICHAEL SULLIVAN, JAE SUNG,
25  BENJAMIN TRAN, GREGORY
    TREJO, JOSE VAZQUEZ,
26  GERARDO VEJAR, RICARDO
27  VERDUZCO, ALFONSO
    VILLANEDA, RUFUS WARD III,
28  SHON WELLS, ERIC WILLIAMS,

1  **GEORGE WILSON, MICHAEL**
2  **YORO, JUAN ZARATE,**
   **STEVE ZAVALA,** and **JUAN**
3  **ZENDEJAS**

4
                   Plaintiffs,
5
6  vs.

7  **CITY OF LOS ANGELES** and does 1
8  through 200 inclusive,
                                  10
9                  Defendant.

10

11         **COME NOW** Carolyn Coward, Jennie Wong, Benjamin Aguilera,

12  Jorge Alfaro, Alexander Alvarez, Jaime Anchondo, Manuel Andujo, Ramon

13  Arguelles, Ernest Avila, Carlos Ayala, Karla Barrraza, Donald Bender, Angel

14  Bonilla, Robert Brogelman, Thomas Burris, Matthew Calleros, Gustavo Camacho,

15  David Carbajal, Edward Castro, Rudy Chavez, Juan Contreras, John Cordova,

16  Victor Corral, Vincent Correa, Dominic Counts, Omar Davis,  Mark Dimitt, Frank

17  Dominguez III, Shawn Duke, Nelson Enamorado, James Ferrell, Janette Flores,

18  Salvador  Flores, Werner Flores, Mario Gamez, Leonard Garza, Oscar Garza,

19  Pavel Gomez, Annissa Harsma, Rafael Hernandez, Hector Ibarra, Peter Jack,

20  Andrew Lassak, Salvador Lizarraga, David Loera, Frank Lopez, Ii, Louis Lozano,

21  Raymond Madrid, David Manriquez, Lawrence Martinez, Patrick Marmolejo,

22  Ackley Mayer-Tucker, Ramon Mejia, Paul Menchaca, Victor Mencias, Ralph

23  Mendoza, Matthew Meneses, William Monahan, Mario Morales, Steve Morales,

24  Paul Mosley, Jeffri Norat, Scarlett Nuno, Eugene Olea, Larry Oliande, Carlos

25  Olmos, Jason Pedro, Joel Perez, Hyong Perkins, Martha Plata, John Porras, Joe

26  Quezada, Alonso Ramirez, Anthony Razo, Roy Reza, Jr. , Rudolph Rivera, Jr.,

27  Christopher Rodriguez, Jr., Ronnie Romero, Jose Romo, Guadalupe Ruiz, Sergio

28  Salas, Jose Salazar, Robert Scutaru, Manuel Segura, Edward Silva, Juan Silva,

David Solis, Michael Sullivan, Jae Sung, Benjamin Tran, Gregory Trejo, Jose Vazquez, Gerardo Vejar, Ricardo Verduzco, Alfonso Villaneda, Rufus Ward III, Shon Wells, Eric Williams, George Wilson, Michael Yoro, Juan Zarate, Steve Zavala, and Juan Zendejas (hereinafter referred to collectively as "Plaintiffs"), and complain of the Defendant as follows:

1.      All paragraphs, allegations, counts and prayers for relief contained herein are to be incorporated in and read together with all others.

2.      All paragraphs, allegations, counts and prayers for relief contained herein are to be incorporated in and read together with all others.

## PARTIES, JURISDICTION AND VENUE

3.      This action for relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*   District Court jurisdiction exists as the claims asserted involve violations of federal law (i.e. Federal Question Jurisdiction).

4.      Plaintiffs are all adults and performed work for the Defendant within the geographical area encompassing the United States District Court for the Central District of California.  At all times relevant hereto, each Plaintiff was an employee of this Defendant as contemplated and defined by 29 U.S.C. 203(e)(1).

5.      All Plaintiffs herein have the same or substantially similar claims. These Plaintiffs performed work for the Defendant within the geographical area encompassing the United States District Court for the Central District of California.  At all times relevant hereto, Plaintiffs were employees of this Defendant as contemplated and defined by 29 U.S.C. 203 (e)(1).  Joinder of all of the Plaintiffs' claims is proper due to the fact that the allegations alleged herein involve the same wrongful and/or illegal employment policy, practice and/or scheme committed by the Defendant and that each named plaintiff claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical, matter impair or impede the

person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Moreover, plaintiffs assert the right to relief jointly, severally, or in the alternative, with respect to or arising out of the same transactions, occurrences or series of transactions or occurrences and numerous question of law or fact common to all plaintiffs that will arise in the action. Plaintiffs seek such relief that the court may grant to them according to their respective rights, and against one or more defendants according to their liabilities.

6.     The True names and capacities whether individual; corporate, association or otherwise of Defendants Does 1 through 200 inclusive; are unknown to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to Plaintiffs as herein alleged. Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named Defendants when their identities become known to them.

7.     Defendant, City of Los Angeles (hereinafter "City" or "Defendant"), is an employer within the meaning of the FLSA.  At all times relevant hereto, the Defendant employed the above-named Plaintiffs.

8.     As part of its obligations to the citizens of Los Angeles, the City operates the Los Angeles Police Department (hereinafter "LAPD") and employs or employed the named Plaintiffs as police officers.

9.     Venue is proper in this Court because a substantial part of the illegal/wrongful acts alleged herein occurred within the geographical boundaries of the Central District of California.

## **STATEMENT OF FACTS**

10.     Plaintiffs hereby re-allege and adopt each and every paragraph above as if fully set forth herein.

11.     Plaintiffs previously filed opt-in consent to join documents in the now decertified collective actions styled *Roberto Alaniz v. City of Los Angeles, et al.* CV 04-8592 GAF (AJWx) or *Cesar Mata v. City of Los Angeles et al.* CV 07-6782 GAF (AJWx).  The Court's May 21, 2014 Order decertifying these two collective actions dismissed the opt-in plaintiffs' claims without prejudice and tolled their statutes of limitations for sixty (60) days.

12.     Plaintiffs are members of the Los Angeles Police Protective League ("LAPPL") and subject to the terms of the collective bargaining agreement ("CBA") between the City and the LAPPL.  During a significant period of time throughout their employment, these Plaintiffs were assigned to the Hollenbeck Division of the Los Angeles Police Department.

13.     Throughout employment with the City, Plaintiffs have been required to work hours constituting "overtime" as that term is defined by the FLSA. These hours were worked with the aiding and abetting, conspiracy, knowledge, consent and acquiescence of supervisors and, in fact, the work was expected of Plaintiffs. Not all of Plaintiffs' overtime hours, however, have been properly compensated for by the defendants.

14.     On frequent occasions, Plaintiffs would be required to work through their meal break, commonly referred to as "Code 7" or "free time" by the LAPD. The defendants would routinely cause plaintiffs to have the amount of time that they were to be allowed to use for Code 7 purposes deducted from their wages despite the fact that the officer was denied the Code 7 "free time." These illegal deductions of earned wages, for Code 7's that were not granted, was pursuant to the written and unwritten policies of the defendants that violate the FLSA. The defendants failed to record Code 7's in their own payroll records even though such information is available in the communications division where the daily activities

of police officers are constantly monitored.  Wages taken from plaintiffs were as a result of the illegal deductions from their compensation.  The illegal deductions resulted in incorrect calculations of overtime wages under 29 USC 207(a) or, if the defendants establish the officer was performing duties required to qualify the officer for a 207(k) exemption, was reducing the hours worked in the gap. Thus, under 207(a) or (k) the basis for calculations for overtime would be improper and need to be re-computed as to each officer.

15.     Plaintiffs would also be required to work before and/or after their scheduled watch to prepare or complete arrest reports; prepare or complete preliminary investigation reports such as robbery, domestic violence, or burglary reports; make copies of reports, and/or forward said reports to the appropriate entities. Time spent before and/or after watch for the benefit of the LAPD was not compensated, when it should have been, at the proper overtime rate as required under FLSA.

16.     Other types of overtime worked were simply viewed by the City and the LAPD as non-compensable work. Sergeants are/were required to prepare for roll call. Roll call preparation includes, but is not limited to: the distribution of items within the subpoena and kickback folders; communicating with personnel from the previous watch; determining which officers and how many will be working the deployment, and which officers will be required to attend some other function or out sick, and therefore, not be attending to the needs of the public in the field. Information is continually added to these folders, and new issues arise right up to the beginning of the Sergeant's shift. Therefore, it was integral and indispensable to Plaintiffs' work as Sergeants that their work be performed, and performed immediately prior to the beginning of the oncoming watch. As a Sergeant, Plaintiffs are/were also required to stay after the end of their shifts to perform additional supervisory duties, including, but not limited to, signing arrest reports and accounting for personnel. Though Defendants were aware that

Plaintiffs performed this compensable work, Plaintiffs were never compensated for these additional hours of work. Plaintiffs also were expected and required to complete assigned tasks/reports within a limited amount of time. Therefore, Plaintiffs worked, but were not compensated, for their labors. Though Defendant was aware that Plaintiffs performed this compensable work, Plaintiffs were never compensated for these additional hours of work.

17.   Defendants knew or should have known that Plaintiffs were working overtime without compensation because Defendant's policy of police officers taking Code 7's while on duty and Defendant's policy of non-payment for work performed before and after watch was widespread throughout the Department and because Defendant failed to keep or maintain any records of Plaintiffs' numerous overtime hours worked under the FLSA.

18.   Moreover, Plaintiffs' managers and supervisors were fully aware that Plaintiffs started work early to prepare for roll call because Plaintiffs' supervisors pursuant to the policy of the LAPD and/or either pressured or ordered them to start work early to prepare for roll call, and often engaged in the preparation for roll call alongside them. The early preparation for roll call is and has been a widespread practice throughout the Department for many years and all Plaintiffs' managers and supervisors were aware of the practice of requiring sergeants and/or lieutenants to start work early to complete such preparation.

19.   The LAPD is subject to the continuous day rule under the FLSA and ignores that fact by requiring officers list the hours they are scheduled to work as a general rule; not the hours they actually work. The LAPD concedes that it relies on the officers to determine when they work overtime and to submit written documentation. The LAPD does not train officers as to what constitutes compensable work under the FLSA or the contract with union.  The LAPD has not informed LAPD officers of what activities they can submit for overtime despite the

fact that they are fully aware of officers coming to work prior to shift and leave after shift due to work requirements.

20.     Defendant received the benefit of Plaintiffs' work without the significant cost of paying Plaintiffs for overtime hours worked. This benefit to the employer, however, was only achieved by creating illegal procedures that denied Plaintiffs compensation for missed Code 7's and persuading Plaintiffs and other officers that they should unknowingly work overtime by failing to train them and thus not be compensate them for their time or to work overtime by withholding training on what is or is not overtime. The defendants, in failing to properly instruct LAPD officers in recordkeeping concerning the FLSA, have also misled them as to what the base rate of pay is supposed to the what is work and as a result the LAPD failed to pay FLSA overtime properly.

21.     Plaintiffs who, in addition to their normal assignments and obligation, worked specialty details such as SWAT, canine, motorcycle traffic officers and other duties which require donning and doffing at the worksite, are entitled to be compensated under the law for their time in connection with such activities.

## FIRST CLAIM RELIEF
## WILLFUL VIOLATION OF THE FLSA

22.     Plaintiffs hereby re-allege and adopt each and every paragraph above as if fully set forth herein.

23.     The Defendant has either recklessly or knowingly and intentionally done the unlawful actions alleged and failed and refused to compensate plaintiffs for all of the overtime hours they have worked. Plaintiffs were not compensated for missed Code 7 "free time" periods, and Defendant enacted procedures that created situations where it was difficult for Plaintiffs to receive overtime for missed and/or interrupted Code 7 "free time" periods under the illegal Code 7 policy. Defendants also required plaintiffs to start work before their scheduled shift and continue with

work after their scheduled shift, all without compensation. In addition, though required to complete time-sensitive reports/tasks, Plaintiffs were not compensated for time worked.

24. Although Defendant has been apprised of the law regarding the payment of hours covered by the FLSA and has agreed to pay cash and no FLSA compensatory time off at the time and one-half rate in their collective bargaining agreement with the LAPPL, Defendants refused to pay Plaintiffs for all of their actual hours worked. In doing all the things described and alleged above, Defendant has deprived Plaintiffs of their right, privileges and immunities secured to them by federal law which clearly sets forth that Plaintiffs are entitled to be paid at the rate of one and one-half times their regular rate of pay for all FLSA overtime hours worked. Defendant knew, or should have known, that its reckless and/or willful and intentional failure and refusal to pay Plaintiffs overtime violates these rights, privileges and immunities.

25. As a direct and proximate result of Defendant's actions and inactions, Plaintiffs have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof including, but not limited to, a sum equivalent to their unpaid compensation for the three (3) years preceding the date of their opt-in into the prior action under 29 U.S.C. § 216(b), attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## <u>VIOLATION OF THE FLSA</u>

26. Plaintiffs hereby re-allege and adopt each and every paragraph above as if fully set forth herein.

27. The Defendants have failed and refused to compensate Plaintiffs for all of the overtime hours they have worked. Plaintiffs were not compensated for missed Code 7 "free time" periods, and Defendant enacted procedures that created situations where it was difficult for Plaintiffs to receive overtime for missed and/or

interrupted Code 7 "free time" periods. Defendant also required Plaintiffs to start work before their scheduled shift and continue with work after their scheduled shift, all without compensation. In addition, though required to complete time-sensitive reports/tasks, Plaintiffs were not compensated for time worked on days off.

28.     Although Defendant has been apprised of the law regarding the payment of hours covered by the FLSA and has agreed to pay compensatory time off at the time and one-half rate in their collective bargaining agreement with the LAPPL, Defendants refused to pay Plaintiffs for all of their actual hours worked. In doing all the things described and alleged above, Defendant has deprived Plaintiffs of their right, privileges and immunities secured to them by federal law which clearly sets forth that Plaintiffs are entitled to be paid at the rate of one and one-half times their regular rate of pay for all overtime hours worked. Defendant's failure and refusal to pay Plaintiffs overtime violates these rights, privileges and immunities.

29.     As a direct and proximate result of Defendant's actions and inactions, Plaintiffs have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof including, but not limited to, a sum equivalent to their unpaid compensation for the two (2) years preceding the date of filing their opt-in Consent to Join the *Alaniz* or *Mata* lawsuits.

**WHEREFORE,** Plaintiffs pray for judgment as follows:

First and Second Claims for Relief

1.  All actual, consequential, liquidated and incidental losses and damages, according to proof;

2.  Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. § 216(b) according to proof at trial;

3.  Liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b);

and,

4.  Any and all relief, including equitable relief, as the Court may deem just and proper.

<u>Other Relief</u>

1.  Any and all relief, including equitable relief, as the Court may deem just and proper.

Dated: July 21, 2014                Respectfully Submitted,

                                    **GREGORY G. PETERSEN, ALC.**


                                    By:   /S/ Gregory G. Petersen

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| Carolyn Coward (See Attachment for Additional List of Plaintiffs) | ) )  ) ) |
| *Plaintiff(s)* | ) **2: 14CV05676 DMG (JCx)** |
| v. | ) Civil Action No. |
| City of Los Angeles and Does 1 through 200 inclusive, | ) 10 ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of Los Angeles
200 N Spring Street
Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Gregory G. Petersen, A Law Corporation
4425 Jamboree Road, Suite 175
Newport Beach, CA 92660

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 07·21·2014

*Signature of Clerk or Deputy Clerk*

1231

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

## ATTACHMENT A
### ADDITIONAL LIST OF PLAINTIFFS

1. JENNIE WONG
2. BENJAMIN AGUILERA
3. JORGE ALFARO
4. ALEXANDER ALVAREZ
5. JAIME ANCHONDO
6. MANUEL ANDUJO
7. RAMON ARGUELLES
8. ERNEST AVILA
9. CARLOS AYALA
10. DONALD BENDER
11. ANGEL BONILLA
12. ROBERT BROGELMAN
13. THOMAS BURRIS
14. MATTHEW CALLEROS
15. GUSTAVO CAMACHO
16. DAVID CARBAJAL
17. EDWARD CASTRO
18. JUAN CONTRERAS
19. VICTOR CORRAL
20. VINCENT CORREA
21. DOMINIC COUNTS
22. OMAR DAVIS
23. OMAR DAVIS
24. MARK DIMITT
25. FRANK DOMINGUEZ III
26. SHAWN DUKE
27. NELSON ENAMORADO
28. JAMES FERRELL
29. JANETTE FLORES
30. SALVADOR FLORES
31. WERNER FLORES

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

32. MARIO GAMEZ
33. LEONARD GARZA
34. OSCAR GARZA
35. PAVEL GOMEZ
36. ANNISSA HARSMA
37. RAFAEL HERNANDEZ
38. HECTOR IBARRA
39. PETER JACK
40. ANDREW LASSAK
41. SALVADOR LIZARRAGA
42. DAVID LOERA
43. FRANK LOPEZ, II
44. LOUIS LOZANO
45. RAYMOND MADRID
46. DAVID MANRIQUEZ
47. LAWRENCE MARTINEZ
48. ACKLEY MAYER-TUCKER
49. RAMON MEJIA
50. PAUL MENCHACA
51. VICTOR MENCIAS
52. RALPH MENDOZA
53. MATTHEW MENESES
54. WILLIAM MONAHAN
55. MARIO MORALES
56. STEVE MORALES
57. PAUL MOSLEY
58. JEFFRI NORAT
59. SCARLETT NUNO
60. EUGENE OLEA
61. LARRY OLIANDE
62. CARLOS OLMOS
63. JASON PEDRO
64. JOEL PEREZ
65. HYONG PERKINS
66. MARTHA PLATA

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

67.  JOHN PORRAS
68.  JOE QUEZADA
69.  ANTHONY RAZO
70.  ROY REZA, JR.
71.  RUDOLPH RIVERA, JR.
72.  CHRISTOPHER RODRIGUEZ, JR.
73.  RONNIE ROMERO
74.  JOSE ROMO
75.  GUADALUPE RUIZ
76.  SERGIO SALAS
77.  JOSE SALAZAR
78.  ROBERT SCUTARU
79.  MANUEL SEGURA
80.  EDWARD SILVA
81.  JUAN SILVA
82.  DAVID SOLIS
83.  MICHAEL SULLIVAN
84.  JAE SUNG
85.  BENJAMIN TRAN
86.  GREGORY TREJO
87.  JOSE VAZQUEZ
88.  GERARDO VEJAR
89.  RICARDO VERDUZCO
90.  ALFONSO VILLANEDA
91.  RUFUS WARD III
92.  SHON WELLS
93.  ERIC WILLIAMS
94.  GEORGE WILSON
95.  MICHAEL YORO
96.  JUAN ZARATE
97.  STEVE ZAVALA
98.  JUAN ZENDEJAS
99.  JOHN CORDOVA
100. PATRICK MARMOLEJO
101. RUDY CHAVEZ

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

    102.   ALONSO RAMIREZ
    103.   KARLA BARRRAZA

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Carolyn Coward (See Attachment for Additional List of Plaintiffs)

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF LOS ANGELES and Does 1 through 200 inclusive

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Gregory G. Petersen, A Law Corporation
4425 Jamboree Road, Suite 175
Newport Beach, CA 92660

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Labor Standards Act 29 U.S.C. 201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: 2:14CV05676

CV-71 (06/14)      CIVIL COVER SHEET      Page 1 of 3

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br>☐ NO. Continue to Question B.2. |
| | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br>☐ NO. Continue to Question C.2. |
| | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?   ☐ Yes  ☒ No | |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☐ NO ☒ YES

If yes, list case number(s): 2:04-cv-08592-GAF-AJW and 2:07-cv-06782-GAF-AJW

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?** ☐ NO ☒ YES

If yes, list case number(s): 2:04-cv-08592-GAF-AJW and 2:07-cv-06782-GAF-AJW

Civil cases are related when they:

☒ A. Arise from the same or closely related transactions, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** S/Gregory G. Petersen          DATE: July 21, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

## ATTACHMENT A
## ADDITIONAL LIST OF PLAINTIFFS

1. JENNIE WONG
2. BENJAMIN AGUILERA
3. JORGE ALFARO
4. ALEXANDER ALVAREZ
5. JAIME ANCHONDO
6. MANUEL ANDUJO
7. RAMON ARGUELLES
8. ERNEST AVILA
9. CARLOS AYALA
10. DONALD BENDER
11. ANGEL BONILLA
12. ROBERT BROGELMAN
13. THOMAS BURRIS
14. MATTHEW CALLEROS
15. GUSTAVO CAMACHO
16. DAVID CARBAJAL
17. EDWARD CASTRO
18. JUAN CONTRERAS
19. VICTOR CORRAL
20. VINCENT CORREA
21. DOMINIC COUNTS
22. OMAR DAVIS
23. OMAR DAVIS
24. MARK DIMITT
25. FRANK DOMINGUEZ III
26. SHAWN DUKE
27. NELSON ENAMORADO
28. JAMES FERRELL
29. JANETTE FLORES
30. SALVADOR FLORES
31. WERNER FLORES

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

32. MARIO GAMEZ
33. LEONARD GARZA
34. OSCAR GARZA
35. PAVEL GOMEZ
36. ANNISSA HARSMA
37. RAFAEL HERNANDEZ
38. HECTOR IBARRA
39. PETER JACK
40. ANDREW LASSAK
41. SALVADOR LIZARRAGA
42. DAVID LOERA
43. FRANK LOPEZ, II
44. LOUIS LOZANO
45. RAYMOND MADRID
46. DAVID MANRIQUEZ
47. LAWRENCE MARTINEZ
48. ACKLEY MAYER-TUCKER
49. RAMON MEJIA
50. PAUL MENCHACA
51. VICTOR MENCIAS
52. RALPH MENDOZA
53. MATTHEW MENESES
54. WILLIAM MONAHAN
55. MARIO MORALES
56. STEVE MORALES
57. PAUL MOSLEY
58. JEFFRI NORAT
59. SCARLETT NUNO
60. EUGENE OLEA
61. LARRY OLIANDE
62. CARLOS OLMOS
63. JASON PEDRO
64. JOEL PEREZ
65. HYONG PERKINS
66. MARTHA PLATA

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

67.  JOHN PORRAS
68.  JOE QUEZADA
69.  ANTHONY RAZO
70.  ROY REZA, JR.
71.  RUDOLPH RIVERA, JR.
72.  CHRISTOPHER RODRIGUEZ, JR.
73.  RONNIE ROMERO
74.  JOSE ROMO
75.  GUADALUPE RUIZ
76.  SERGIO SALAS
77.  JOSE SALAZAR
78.  ROBERT SCUTARU
79.  MANUEL SEGURA
80.  EDWARD SILVA
81.  JUAN SILVA
82.  DAVID SOLIS
83.  MICHAEL SULLIVAN
84.  JAE SUNG
85.  BENJAMIN TRAN
86.  GREGORY TREJO
87.  JOSE VAZQUEZ
88.  GERARDO VEJAR
89.  RICARDO VERDUZCO
90.  ALFONSO VILLANEDA
91.  RUFUS WARD III
92.  SHON WELLS
93.  ERIC WILLIAMS
94.  GEORGE WILSON
95.  MICHAEL YORO
96.  JUAN ZARATE
97.  STEVE ZAVALA
98.  JUAN ZENDEJAS
99.  JOHN CORDOVA
100.  PATRICK MARMOLEJO
101.  RUDY CHAVEZ

CAROLYN COWARD, et al v. CITY OF LOS ANGELES, et al

    102.   ALONSO RAMIREZ
    103.   KARLA BARRRAZA